UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------x
ALAN S. NOONAN,                            :
                                           :    **09 CA 1160.5 WGY**
         Plaintiff,                        :
                                           :
v.                                         :    Civil Action No. _____
                                           :
STAPLES, INC. and                          :
JAY G. BAITLER,                            :
                                           :
         Defendants.                       :
-------------------------------------------x

## COMPLAINT AND JURY DEMAND

Plaintiff Alan S. Noonan, by his attorneys, for his Complaint and Jury Demand alleges as follows against defendants Staples, Inc. and Jay G. Baitler:

## PARTIES

1. Plaintiff Alan S. Noonan ("Noonan") is an individual residing at 740 Bluebird Lane, Plantation, Florida.

2. Defendant Staples, Inc. ("Staples") is a duly organized corporation with a principal place of business located at 500 Staples Drive, Framingham, Middlesex County, Massachusetts.

3. Defendant Jay G. Baitler ("Baitler") is an individual residing at 42 Union Park Street, Boston, Suffolk County, Massachusetts. Staples and Baitler are collectively referred to herein as "Defendants."

1

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is "between citizens of different states," and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a) and (c).

## GENERAL ALLEGATIONS

6. Noonan was employed by Staples as a sales person in 1994. In 2000, he was promoted to Regional Sales Director, and remained in that position until his employment with Staples was terminated in January 2006.

7. Baitler is Staples' Executive Vice President responsible for its North American Delivery Contract Division ("Division").

8. In September 2009, Baitler participated in a telephone conference among various Staples employees (i.e., Regional Vice Presidents) in the Division ("the Baitler Conference"). During the Baitler Conference, Baitler falsely stated that Noonan never denied "stealing" from Staples. Moreover, William Wilkinson, a Staples employee, prepared an email on September 4, 2009 memorializing notes of what was stated at the Baitler Conference ("the September 4th Email"). A copy of the September 4th Email is attached hereto as **Exhibit A**.

9. Baitler orally and Staples in writing published defamatory statements about Noonan. Moreover, Baitler knew full well that his statement was false or he acted with reckless disregard as to whether his statement was true. Baitler was grossly negligent, or at a minimum negligent, when he published his false statement concerning Noonan to third parties.

10. Defendants' false statements regarding Noonan (i.e. Noonan did not deny "stealing") accuses Noonan of a criminal act, and therefore, constitutes defamation *per se*.

11. Defendants maintain that they acted properly when they published false statements about Noonan. However, as Defendants well know, Noonan denies that he ever stole while employed by Staples, and therefore, verbal and written statements by Defendants that Noonan never denied stealing from Staples falsely and maliciously impute criminal conduct on Noonan that is defamatory *per se*.

12. As a direct result of Defendants' conduct towards Noonan as described above, Noonan has suffered and continues to suffer damages for loss of reputation, humiliation and mental anguish and suffering. Noonan's emotional distress has been exacerbated as a result of how the conduct of Defendants is affecting his wife and child.

## COUNT I
### (DEFAMATION: SLANDER AND LIBEL)

13. Noonan realleges and incorporates by reference paragraphs 1 through 12 of the Complaint as if fully set forth herein and in addition makes the allegations set forth below.

14. The false statement published by Defendants about Noonan during the Baitler Conference and the further publications of the September 4th Email by Staples have defamed Noonan. Moreover, the September 4th Email and/or its contents, according to representations made by Staples' legal counsel, was forwarded to other email recipients by Staples employees.

15. Baitler knew at the time of making his statement about Noonan that his statement was false or he made his statement concerning Noonan with reckless disregard for its truth. Moreover, Baitler's statement—further published by Staples—was done out of malice to indulge ill will and hostility towards Noonan with the intent to harm him and injure his reputation.

Defendants publications of false statements concerning Noonan were grossly negligent or at a very minimum negligent.

16. Defendants are liable to Noonan for the damages he has suffered, and continues to suffer, as a result of the publications of statements by Defendants that are defamatory *per se* concerning Noonan in an amount to be determined at trial, together with interest and costs, including reasonable attorneys' fees.

## RELIEF

**WHEREFORE**, plaintiff Alan S. Noonan prays for relief as follows:

1. For judgment on Count I in favor of plaintiff Alan S. Noonan against defendants Staples, Inc. and Jay G. Baitler, jointly and severally, in an amount to be determined at trial together with interest and costs including reasonable attorneys' fees; and

2. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Alan S. Noonan hereby demands a trial by jury on all issues so triable in the Complaint.

PLAINTIFF ALAN S. NOONAN,
By his attorneys,

*/s/ Richard M. Gelb*

Richard M. Gelb (BBO# 188240)
*rgelb@gelbgelb.com*
Daniel K. Gelb (BBO# 659703)
*dgelb@gelbgelb.com*
Stamenia (Stephanie) Tzouganatos (BBO # 661509)
*stzouganatos@gelbgelb.com*
GELB & GELB LLP
84 State Street
Boston, MA 02109
Telephone: (617) 345-0010
Facsimile: (617) 345-0009

Dated: September 25, 2009