## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALAN S. NOONAN, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 09-CA-1160.5 |
| v. | ) ) | (WGY) |
| STAPLES, INC. and JAY G. BAITLER, | ) ) ) ) | |
| Defendants. | ) ) | |

## **DEFENDANTS' ANSWER**

Defendants Staples, Inc. ("Defendant," the "Company" or "Staples") and Jay G. Baitler ("Baitler") file this Answer to Plaintiff Alan S. Noonan's ("Plaintiff" or "Noonan") Complaint and Jury Demand as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint.

2. Admit.

3. Defendants admit the allegations of the first sentence of Paragraph 3 of the Complaint. The second sentence of Paragraph 3 of the Complaint is a procedural statement to which no response is required.

4. Paragraph 4 of the Complaint asserts legal conclusions to which no response is required.

5. Paragraph 5 of the Complaint asserts legal conclusions to which no response is required.

6. Admit.

7. Admit.

8. Defendants admit that in September 2009, Baitler participated in a telephone conference call with his direct reports. Defendants further admit that Thomas W. W. ("Wayne") Wilkinson sent an e-mail on or about September 4, 2009 to fellow Vice Presidents Kevin Moss and Steve Facer in which Mr. Wilkinson summarized and paraphrased in his own words the points covered in the call. Defendants further admit that a portion of that e-mail is reflected in Exhibit A to the Complaint. Otherwise, Defendants deny the allegations of paragraph 8 of the Complaint.

9. Deny.

10. Deny.

11. Admit that Defendants acted properly, but otherwise deny.

12. Deny.

## COUNT I

## (DEFAMATION:  SLANDER AND LIBEL)

13. Defendants reassert their answers to Paragraphs 1 through 12 above.

14. Defendants admit that all or part of the September 4, 2009 E-mail was forwarded in the ordinary course of business to a small number of employees who had a business need to know what was covered in the conference call, but otherwise deny.

15. Deny.

16. Deny.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. The alleged statements are true, or substantially true, and truth is an absolute defense to defamation.

3. Plaintiff's defamation claim is barred by the incremental harm doctrine.

4. Plaintiff's defamation claim fails because he is libel-proof.

5. The alleged statements are protected by the absolute privilege of a party and/or witness to make statements regarding a judicial proceeding.

6. The alleged statements are protected by a conditional privilege, including the conditional privilege for statements reasonably related to the employer's legitimate business interest and for statements of a kind reasonably calculated to protect or further a common interest between publisher and recipient.

7. M.G.L. c. 231 § 92 is unconstitutional under the First Amendment to the United States Constitution and art. 16 of the Declaration of Rights of the Massachusetts Constitution.

8. The alleged statements were of public concern, and thus application of M.G.L. c. 231 § 92 to those statements is unconstitutional under *Shaari* v. *Harvard Student Agencies, Inc.*, 427 Mass. 129 (1998).

9. M.G.L. c. 231 § 92 does not apply to claims of slander.

10. The alleged statements were not made with "actual malice" under M.G.L. c. 231 § 92.

11. Plaintiff cannot show any damages as a result of the alleged statements.

12. Plaintiff is barred and/or estopped from obtaining any relief by his own conduct, acts, omissions, and unclean hands.

13. Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because Plaintiff caused or contributed to such damages by initiating the actions alleged to have caused his damages.

14. Plaintiff has failed to mitigate his damages, if any.

## JURY DEMAND

Defendants hereby claim a trial by jury on all claims so triable.

## RESERVATION OF RIGHTS CLAUSE

Defendants reserve their right to amend their answer and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

WHEREFORE, Defendants pray that the Court enter judgment:

1. dismissing the Complaint on the merits and with prejudice;
2. granting to Defendants their costs, including attorneys' fees, incurred in this action; and
3. granting to Defendants further relief as the Court may deem just and proper.

Respectfully submitted,

STAPLES, INC. AND JAY BAITLER,
By their attorneys,

/s/ Lynn Kappelman
Lynn Kappelman (BBO No. 642017)
Dawn Solowey (BBO No. 567757)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801
lkappelman@seyfarth.com
dsolowey@seyfarth.com

Dated:  November 30, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 30, 2009.

    /s/ Lynn Kappelman

5