UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
ALAN S. NOONAN,                         )
          Plaintiff                     )
                                        )       CIVIL ACTION
          v.                            )       NO. 09-11605-WGY
                                        )
STAPLES, INC. & JAY G. BAITLER,         )
          Defendants.                   )
_____)


MEMORANDUM

YOUNG, D.J.                                          April 5, 2010

## I.   INTRODUCTION

        The plaintiff Alan S. Noonan ("Noonan") brings this action

for slander and libel against the defendant Staples, Inc.

("Staples") and the defendant Jay G. Baitler ("Baitler") alleging

that Staples and Baitler (collectively, the "defendants")

published false and defamatory statements about Noonan. See

Plaintiff's Complaint ("Pl.'s Compl.") ¶¶ 8-9 [Doc. No. 1]. As a

direct result, Noonan alleges that he has sustained significant

damages for loss of reputation, humiliation, and mental anguish

and suffering. Id. ¶ 12.

        The defendants raise two affirmative defenses. See

Defendants' Answer to Plaintiff's Complaint ("Defs.' Answer") ¶¶

2, 3 [Doc. No. 9]. First, the defendants claim that Noonan's

complaint is barred by the doctrine of incremental harm. Id. ¶ 3.

1

In the alternative, the defendants assert that the statements at issue are true, and therefore the defense of truth poses an absolute bar to Noonan's complaint. Id. ¶ 2.

**A.   Procedural Posture**

In 2006, Noonan brought a five-count complaint against Staples alleging, inter alia, defamation arising from a single e-mail sent by Baitler to other Staples employees.[1] See Noonan v. Staples, Inc., No. 06-10716, 2007 WL 6064454, at *1. (D. Mass. June 28, 2007) (Lasker, D.J.). Both the district court and the Court of Appeals for the First Circuit held that Baitler's e-mail was true as matter of law. See id. at *2; Noonan v. Staples, Inc., 556 F.3d 20, 26 (1st Cir. 2009). Notwithstanding these

---

[1] The text of Baitler's e-mail that formed the basis of Noonan's 2006 complaint stated in pertinent part:

> It is with sincere regret that I must inform you of the termination of Alan Noonan's employment with Staples. A thorough investigation determined that Alan was not in compliance with our [travel and expenses] policies. As always, our policies are consistently applied to everyone and compliance is mandatory on everyone's part. It is incumbent on all managers to understand Staples['s] policies and to consistently communicate, educate and monitor compliance every single day. Compliance with company policies is not subject to personal discretion and is not optional. In addition to ensuring compliance, the approver's responsibility to monitor and question is a critical factor in effective management of this and all policies.

Noonan v. Staples, Inc., 556 F.3d 20, 23-24 (1st Cir. 2009); Noonan, 2007 WL 6064454, at *1.

holdings, the First Circuit reversed the district court's grant of summary judgment to Staples. See id. at 31. Because the Massachusetts defamation statute imposes liability even for true statements that are shown to have been made with "actual malice," the case thereafter survived a motion for summary judgment in this session and was ultimately submitted to the jury.

On October 8, 2009, after a four-day trial before this Court, the jury returned a verdict in favor of Staples. See Defendants' Memorandum of Law in Support of Motion for Judgment on the Pleadings ("Defs.' Mem.") at 1 [Doc. No. 12]. Noonan has since filed an appeal, which is currently pending. Id. at 2.

Approximately one-week before the trial on Noonan's 2006 complaint, he filed the present one-count complaint against the defendants for slander and libel. See id.; see also Pl.'s Compl. ¶¶ 13-16. The defendants filed their answer to Noonan's second complaint on November 30, 2009. See Defs.' Answer. On that same day, the defendants filed a motion to stay discovery, see Defendants' Motion to Stay Discovery ("Defs.' Mot. Stay Disc.") [Doc. No. 10], which this Court denied on December 2, 2009 but subsequently granted on February 23, 2010. On December 3, 2009, the defendants filed a motion for judgment on the pleadings. See Defendants' Motion for Judgment on the Pleadings ("Defs.' Mot. J. Pleadings") [Doc. No. 11]. Noonan filed his memorandum in opposition on December 17, 2009, see Plaintiff's Memorandum in

Opposition to Defendants' Motion for Judgment on the Pleadings ("Pl.'s Opp'n") [Doc. No. 17], to which the defendants filed their reply brief on December 22, 2009. <u>See</u> Defendants' Reply Brief ("Defs.' Reply") [Doc. No. 18]. The motion was heard on February 9, 2010.

**B.  Facts Alleged**

Noonan's present complaint alleges that in September 2009, with trial of the original 2006 complaint looming, Baitler orally announced during an internal conference call with regional vice presidents that Noonan never denied stealing from Staples. Pl.'s Compl. ¶ 8. Noonan further alleges that Staples employee Wayne Wilkinson[2] ("Wilkinson") prepared an e-mail on September 4, 2009 memorializing notes of what was discussed during the conference call. <u>Id.</u>; <u>see</u> Plaintiff's Exhibit A ("Pl.'s Ex. A") [Doc. No. 1-3]. In this e-mail, Noonan asserts that Wilkinson included the following bullet point:

> Al Noonan sued us years ago. This has become a landmark case. It is making history in terms of what constitutes slander or libel. At first the issue was truth . . . now they have changed tactics to "intention" . . . <u>the interesting thing is that he has never denied stealing from us</u>. The latest round of court battles will occur 1st week of Oct so expect to see more headlines.

---

[2] Noonan's complaint alleges that the employee's name is "William Wilkinson." <u>See</u> Pl.'s Compl. ¶ 8. The author of the e-mail attached to the complaint, however, is named Wayne Wilkinson. <u>See</u> Pl.'s Ex. A.

Pl.'s Ex. A (emphasis added); <u>see</u> Pl.'s Compl. ¶ 8; Defs.' Answer
¶ 8. Wilkinson's e-mail listed two intended recipients named
Kevin Moss and Steve Facer – both of whom hold positions as Vice
Presidents of Staples. <u>See</u> Pl.'s Ex. A.

### C.    Federal Jurisdiction

This Court may exercise subject-matter jurisdiction over the
present case pursuant to 28 U.S.C. § 1332 because the parties are
of diverse citizenship and the amount in controversy exceeds
$75,000.00.

## II.  ANALYSIS

### A.    The Motion for Judgment on the Pleadings

A motion for judgment on the pleadings is a motion to
dismiss incorporated in the answer. <u>See</u> <u>Aponte-Torres</u> v. <u>Univ. of</u>
<u>Puerto Rico</u>, 445 F.3d 50, 54 (1st Cir. 2006) (explaining that
motions to dismiss and motions for judgment on the pleadings "are
ordinarily accorded much the same treatment"). Thus, if the
complaint alleges facts that would "plausibly" entitle Noonan to
relief, he is entitled to go forward. <u>Rivera-Gomez</u> v. <u>de Castro</u>,
843 F.2d 631, 635 (1st Cir. 1988).

This Court is not required, however, to blind itself to the
proceedings (including a full trial) in the prior related case
against Staples alone. There it was conclusively determined as
matter of law that the 2006 Baitler e-mail was true and that as
matter of fact Staples sent it without malice. <u>See</u> Jury's Verdict

5

Slip [Doc. No. 184]. Moreover, it is clear beyond cavil that the Court is entitled, at any time in the course of these proceedings, Fed. R. Evid. 102(a), to take judicial notice of the proceedings in this Court. See United States v. Florentino, 385 F.3d 60, 65 (1st Cir. 2004) (emphasizing that federal courts are "entitled to take [judicial] notice of the records of relevant court proceedings"), vacated on other grounds, 544 U.S. 1058 (2005). It is against this background that the two affirmative defenses come into play on a motion for judgment on the pleadings, where they would not upon a simple motion to dismiss.

**B.   Massachusetts Law of Defamation: Slander & Libel**

In his complaint for defamation, Noonan alleges that Baitler's oral statement made during a company conference call constituted slander,[3] and that Wilkinson's e-mail of September 4, 2009 constituted libel.[4] See Pl.'s Compl. ¶ 8. "Libel and slander are not . . . distinct from defamation. Rather, they are two kinds of defamation." LeBeau v. Town of Spencer, 167 F. Supp. 2d 449, 456 (D. Mass. 2001) (Gorton, D.J.). The difference between these two types of defamation is that libel is a written defamatory statement, see McAvoy v. Shufrin, 401 Mass. 593, 595

---

[3] Noonan alleges that, during a company conference call, Baitler orally stated that Noonan never denied "stealing" from Staples. See Pl.'s Compl. ¶ 8.

[4] The statement written by Wilkinson memorialized the oral statement Baitler allegedly made during the company conference call. See Pl.'s Compl. ¶ 8.

6

(1988), whereas slander is defamation through <u>oral</u> communication. <u>See</u> <u>Ellis</u> v. <u>Safety Ins. Co.</u>, 41 Mass. App. Ct. 630, 635 (1996).

Under Massachusetts law, to prevail on a claim for defamation the plaintiff must establish that: (1) the defendant published an oral (slander) or written (libel) statement; (2) the statement was about, and concerned, the plaintiff; (3) the statement was defamatory; (4) the statement was false; and (5) the plaintiff suffered economic loss, or the claim is actionable without proof of economic loss. <u>Stanton</u> v. <u>Metro Corp.</u>, 438 F.3d 119, 124 (1st Cir. 2006) (citing <u>White</u> v. <u>Blue Cross & Blue Shield of Mass., Inc.</u>, 442 Mass. 64, 66 (2004)); <u>Massachusetts Sch. Of Law at Andover, Inc.</u> v. <u>Am. Bar Ass'n</u>, 14 F.3d 26, 42 (1st Cir. 2006) (quoting <u>McAvoy</u>, 401 Mass. at 593). A statement will be considered "defamatory" if it "may reasonably be [understood] as discrediting [the plaintiff] in the minds of any considerable and respectable class of the community." <u>Disend</u> v. <u>Meadowbrook Sch.</u>, 33 Mass. App. Ct. 674, 675 (1992).

**C.   The Defendants' Affirmative Defenses**

To assess the validity of the defendants' affirmative defenses, this Court will assume, for the moment, that Noonan's complaint is sufficient to establish a prima facie case for defamation.

**1.   The Incremental Harm Doctrine**

In general, "[t]he incremental harm doctrine reasons that

7

when unchallenged or nonactionable parts of a particular
publication are damaging, another statement, though maliciously
false, might be nonactionable on the grounds that it causes no
harm beyond the harm caused by the remainder of the publication."
Church of Scientology Intern. v. Time Warner, Inc., 932 F. Supp.
589, 593 (S.D.N.Y. 1996). Thus, the doctrine "measures the
incremental harm inflicted by the challenged statements beyond
the harm imposed by the rest of the publication. If that harm is
determined to be nominal or nonexistent, the statements are
dismissed as not actionable." Herbert v. Lando, 781 F.2d 298, 311
(2d Cir. 1986).

In their memorandum, the defendants recognize that the
Massachusetts Supreme Judicial Court has yet expressly to adopt
the doctrine of incremental harm. See Defs.' Mem. at 3 n.2. They
assert, however, that "if faced with the question directly, [the
Massachusetts Supreme Judicial Court] would adopt the incremental
harm doctrine, since it has [already] adopted the closely-related
doctrines of the libel-proof plaintiff . . . and substantial
truth . . . ." Id.

A review of the relevant case law confirms the defendants'
concession that the Massachusetts Supreme Judicial Court has not
yet adopted the incremental harm doctrine. Additionally, it
reveals that no lower court in the Commonwealth has ever adopted
it either. Indeed, the Court of Appeals for the First Circuit has

8

recently recognized that the "question of whether the incremental harm doctrine is part and parcel of Massachusetts law" is "apparently open." Mandel v. Boston Phoenix, Inc., 456 F.3d 198, 210 n.6 (1st Cir. 2006). Since no court in the Commonwealth has ever recognized the doctrine of incremental harm, this Court refrains from doing so here.

### 2.   The Defense of Truth

The defendants contend that the statements at issue are "indisputably true as . . . matter of law." Defs.' Mem. at 6. "The lodestar of Massachusetts defamation law is the axiom that truth is an absolute defense to defamation." Taylor v. Swartwout, 445 F. Supp. 2d 98, 102 (D. Mass. 2006) (Gorton, D.J.) (citing Massachusetts Sch. of Law at Andover, Inc., 142 F. 3d at 42). Thus, if a statement is "substantially true," it cannot be defamatory. Reilly v. Assoc. Press, 59 Mass. App. Ct. 764, 770 (2003) ("[W]hen a statement is substantially true, a minor inaccuracy will not support a defamation claim.").

Claim preclusion, of course, prevents Noonan from relitigating here issues that were conclusively resolved in his 2006 complaint. See Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994) ("The principle of . . . issue preclusion, bars relitigation of any factual or legal issue that was actually decided in previous litigation . . . .") (emphasis omitted). There it was conclusively resolved that Staples's statement that

9

"Alan [Noonan] was not in compliance with [Staples's travel and expenses] policies" was true and not issued out of malice. It is also undisputed that Noonan's non-compliance with Staples's travel and expenses policies involved padding his expense account in certain respects. What is new in the present case is Baitler's allegation that Noonan was "stealing," a classic defamatory statement if untrue.

A thorough review of Massachusetts case law has failed to produce an authoritative definition of "stealing" in the law of defamation. A Massachusetts Superior Court decision, however, provides insight as to how the courts of the Commonwealth construe the word "stealing" in the context of such a lawsuit. See Millar Elevator Serv. Co. v. Liatsis, No. 9804547D, 2000 WL 33171009 (Mass. Super. Nov. 28, 2000). In Liatsis, the Superior Court was called upon to determine whether the plaintiff's conduct was considered "theft" for defamation purposes. Id. at *6. Properly to define that word, the Superior Court turned to the American Heritage Dictionary. Id. In so doing, it held that "the definition for steal[ing] is 'to take the property of another without right or permission.'" Id. (quoting American Heritage Dictionary 1192 (2d College ed. 1985)). Following the same analysis, this Court turns to an updated version of the same dictionary. Today, the American Heritage Dictionary provides a substantially similar definition of stealing: "[t]o take the

property of another without right or permission; to commit
theft." <u>American Heritage Dictionary</u> 1352 (4th College ed. 2002).
Applying this definition to the facts of the case at bar leaves
no doubt but that the allegedly defamatory statements at issue
here are true as matter of law.

In its opinion, the Court of Appeals for the First Circuit
recognized that "Noonan admit[ted] that he frequently disregarded
the letter of [Staples's travel and expenses] policy . . . ."
<u>Noonan</u>, 556 F.3d at 26. Moreover, at the trial on Noonan's 2006
complaint, Noonan readily admitted under oath that he asked
Staples on several occasions to reimburse him for more money than
he actually spent on travel expenses.[5] <u>See</u> Defendants' Exhibit B
("Defs.' Ex. B") at 6 [Doc. No. 13-3]. As such, Noonan can hardly
dispute the factual contention that he falsified his travel and
expense vouchers.

Similarly, it cannot reasonably be disputed that money is a
form of property. Indeed, the Massachusetts Appeals Court adopted
this view in <u>Commonwealth</u> v. <u>Cheromcka</u>, 66 Mass. App. Ct. 771

---

[5] The following excerpt is taken directly from the trial
transcript:

> Q: Listen to my question though. Do you or do you
> not admit that on a number of occasions you asked
> Staples to reimburse you for more than you
> actually spent on expenses?
>
> A: That's correct.

Defs.' Ex. B at 6.

(2006). In <u>Cheromcka</u>, the defendant was convicted of larceny by false pretenses. <u>Id.</u> at 778. In affirming her conviction, the Appeals Court explained that the defendant knowingly falsified time sheets and that the victim, relying on the defendant's misrepresentations, "parted with <u>property in the form of money</u> . . . ." <u>Id.</u> at 779 (emphasis added). Applying this reasoning here, Noonan's falsification of travel and expense vouchers caused Staples to do exactly the same thing. Stated otherwise, by falsifying his travel and expense vouchers, Noonan took Staples's property – i.e., money – and had no right or permission to do so.

There was nothing false about Baitler's oral statement or Wilkinson's e-mail that Noonan "has never denied stealing from [Staples]." Pl.'s Ex. A. Noonan's conduct fits squarely within the commonly understood meaning of "stealing." Accordingly, Noonan is foreclosed from proceeding on a theory that the statements at issue were false. Thus, the only issue remaining for trial is whether the statements were made with "actual malice" under Massachusetts General Laws chapter 231, section 92.

## III. CONCLUSION

For the reasons set forth above, the defendants are entitled to judgment on the pleadings <u>unless</u> Baitler or Wilkinson was acting with malice when publishing their otherwise defamatory statements. The trial of the 2006 complaint does not resolve this issue. Moreover, the existence of malice is at least plausible

given the fact that by September 2009 Noonan had caused Staples a
great deal of expense and had caused Baitler some personal
inconvenience.

Recognizing this, Staples here mounts the frontal assault on
the constitutionality of Massachusetts General Laws chapter 231,
section 92 that it omitted in defending the 2006 complaint.
Although properly put on notice, <u>see</u> Defendants' Notice of
Constitutional Challenge to State Statute [Doc. No. 14], the
Massachusetts Attorney General has not appeared to defend the
statute.

Invalidating a state law (or any law for that matter) on
constitutional grounds is a matter of profound importance, not
lightly to be undertaken. The Court will, therefore, after
further reflection, address this matter in a separate memorandum.


<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
DISTRICT JUDGE

13